## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ISRAEL GARZA,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-3443-19-0114-I-1 |
| 　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　　Agency. | DATE: July 11, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Israel Garza, American Canyon, California, pro se.

Deborah C. Winslow-Portillo, Esquire, San Francisco, California, for the
　agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which
dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such
as this one only in the following circumstances: the initial decision contains
erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is employed with the agency as a Building Equipment Mechanic. Initial Appeal File (IAF), Tab 7 at 31. In this appeal, he asserted that agency management and medical staff had conspired to "lock [him] out" during his employment at the agency's San Francisco Processing and Distribution Center (P&DC) in 2005 and forced him to use up his sick leave. IAF, Tab 1 at 3. Nevertheless, he subsequently went back to work and transferred to the Sacramento P&DC. *Id*. The appellant also claimed that he is a 10-point veteran, and that the accounting for his "military time" had disappeared from his benefits statement. *Id*. at 3-4. It appears that, in November 2016, the agency adjusted his retirement computation date from November 12, 1983, to April 30, 1984, due to a prior error in crediting his service under the Civil Service Retirement System. IAF, Tab 7 at 32. He did not request a hearing.

The administrative judge issued an acknowledgment order giving the appellant notice of his burden to establish Board jurisdiction over his appeal. IAF, Tab 2. In his response, he reiterated that he is a 10-point disabled veteran, and asserted that he is Mexican-American. IAF, Tab 4. He did not claim that the

agency discriminated against him on the basis of his military service or his nationality. *Id*.

Based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID). Acknowledging the appellant's claim that he is a 10-point disabled veteran, the administrative judge observed that he provided no documentation that would support a finding that he is preference eligible. ID at 3. Nevertheless, he found that, even if the appellant established that he is entitled to veteran's preference, the matters that he sought to appeal are not within the Board's jurisdiction, and without an otherwise appealable action, the Board also lacks jurisdiction over the appellant's discrimination claim. ID at 3-4.

In his petition for review, the appellant essentially reiterates the allegations he made below, including the assertion that he has a 10% disability rating from the Department of Defense, but he does not offer any documentation in support of his claim. Petition for Review (PFR) File, Tab 1. He explains that his reference to "military time" concerned "military buyback time," which he remembers paying in 1985 or 1986, but he now asserts that his reference to it was a mistake. *Id*. at 2. The agency has filed a response to the appellant's petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The record does not show that the agency took an appealable adverse action against the appellant. Although the appellant alleged he was "locked out" of his prior duty station, requiring him to use sick leave, he provides no details such as the length or circumstances of his absence. IAF, Tab 1 at 3. Further, he appears to have transferred to another facility. *Id*. In any event, the Board lacks jurisdiction over any alleged adverse action because the appellant failed to prove that he is an employee with adverse action appeal rights.

A U.S. Postal Service employee has a right to appeal an adverse action to the Board if he (1) is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) has completed 1 year of current continuous service in the same or similar positions. 39 U.S.C. § 1005(a)(4)(A); 5 U.S.C. § 7511(a)(1)(B)(ii); *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 17 (2016).[2] The administrative judge found that the appellant was not preference eligible because, notwithstanding his assertion of a 10-point disability rating, he provided no documentation supporting his claim.[3] ID at 3. We agree.

A preference eligible is, as relevant here, either an individual who served on active duty during certain designated periods, other than active duty for training, or who is a disabled veteran. 5 U.S.C. § 2108(3)(A)-(C); 38 U.S.C. § 101(21)(A). The record indicates that the U.S. Air Force Reserve certified that, following the appellant's service from April 15 to October 4, 1985, he received an "Honorable Release from Active Duty for Training," and that he had "[n]o

---

[2] The administrative judge did not provide proper jurisdictional notice as to what the appellant must do to establish that he is an employee entitled to appeal an adverse action to the Board. IAF, Tab 2; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Nonetheless, the lack of *Burgess* notice did not prejudice the appellant's substantive rights because the agency's response and the initial decision notified him which Postal Service employees have the right to appeal an adverse action to the Board. IAF, Tab 7 at 10-11; *see Hamilton*, 123 M.S.P.R. 404, ¶ 17 n.10 (finding that a lack of *Burgess* notice did not prejudice an appellant's substantive rights because her pleadings demonstrated that she was aware of the jurisdictional prerequisites for establishing that she was a postal employee with appeal rights, and the initial decision also provided this information); *see also Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (finding that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings or the initial decision provides information on what is required to establish an appealable jurisdictional issue, thus affording the appellant an opportunity to meet his jurisdictional burden on petition for review).

[3] The appellant did not claim below or on review that he was a management or supervisory employee, or an employee engaged in personnel work in any capacity whatsoever. Nor does the record suggest that the agency employed him in any such positions. Thus, we need not analyze these factors.

active service for other than training purposes" as of the date of the certificate, September 16, 2016.   IAF, Tab 7 at 33, 37.   The agency explained that it corrected the appellant's retirement computation date because its Employee and Labor Relations Manual provides that only "honorable active service" in the Armed Forces of the United States may be creditable for retirement purposes.  *Id*. at 8, 43.

To make a nonfrivolous allegation that he is preference eligible, especially when, as here, the record indicates a lack of such status, the appellant must make more than a bare assertion without supporting evidence.  *See Bergon v. U.S. Postal Service*, 64 M.S.P.R. 228, 231 n.5 (1994) (finding that an appellant must provide documentation of his preference eligibility to raise a nonfrivolous allegation entitling him to further proceedings on the matter), *aff'd sub nom. Rafferty v. U.S. Postal Service*, 74 F.3d 1260 (Fed. Cir. 1996) (Table) (per curiam).   The appellant asserted he was preference eligible based on a service-connected disability.  IAF, Tab 1 at 3.   In the initial decision, the administrative judge advised the appellant that he should substantiate his claim with documentation from the Department of Veterans Affairs.  ID at 4.   On review, the appellant has not done so.  Because the appellant failed to provide any documentation in support of his claim that he is preference eligible, we find that he failed to make a nonfrivolous allegation of such.  Thus, we agree with the administrative judge that he failed to establish jurisdiction over any alleged adverse action.

The appellant asserted information implying claims of prohibited personnel practices, i.e., discrimination and reprisal for alleged protected disclosures and activities.  IAF, Tab 1 at 3-4, Tab 4 at 1, Tab 9 at 1-2.   However, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's discrimination claims.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73

(D.C. Cir. 1982). Further, the Board does not have independent jurisdiction over the appellant's retaliation claims because, as a Postal Service employee, he is not entitled to corrective action under 5 U.S.C. § 1221. *See Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶ 9 (2016) (finding that an administrative judge properly dismissed an appellant's affirmative defense of whistleblower reprisal as moot after the agency rescinded her removal because, as a Postal Service employee, the appellant was not entitled to corrective action).

As noted above, the appellant asserts in his petition for review that the reference to his "military buyback time" was mistaken. PFR File, Tab 1 at 2. Among other things, the administrative judge gave the appellant general notice in the acknowledgment order that he may have a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified as amended at 38 U.S.C. §§ 4301-4335). IAF, Tab 2 at 2-3. He also gave the appellant more detailed notice about filing a discrimination claim under USERRA in the initial decision. ID at 4. Nevertheless, the appellant did not indicate that he sought to pursue such a claim in his appeal below or on review.

However, two types of claims arise under USERRA: (1) reemployment cases, in which the appellant claims that an agency has not met its obligations under 38 U.S.C. §§ 4312-4318 following the appellant's absence from civilian employment to perform uniformed service; and (2) so-called "discrimination" cases, in which the appellant claims that an agency has taken an action prohibited by 38 U.S.C. § 4311(a) or (b). *Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶ 5 (2005). As noted above, the appellant received notice of how to establish jurisdiction over the second type of claim, i.e., that the agency denied the appellant a benefit of employment due to his military service. ID at 4. The administrative judge did not give the appellant notice of what he must allege to establish jurisdiction over a USERRA reemployment claim. An employee whose absence from his civilian position is necessitated by military service is entitled to reemployment rights and benefits under USERRA if: (1) the employee or the

military provided the employer with advance notice; (2) the cumulative absence does not exceed 5 years; and (3) the employee requests reemployment in the prescribed manner and timeframe. 38 U.S.C. § 4312(a); *Woodman v. Office of Personnel Management*, 258 F.3d 1372, 1376 (Fed. Cir. 2001). If the uniformed service exceeded 90 days, the returning employee is entitled to reemployment to the position in which he would have been employed if his continuous employment had not been interrupted by such service, or a position of like seniority, status, and pay, the duties of which he is qualified to perform. *Rassenfoss v. Department of Treasury*, 121 M.S.P.R. 512, ¶ 14 (2014). The employee is also entitled to the same rights and benefits generally provided to employees having similar seniority, status, and pay who are on furlough or leave of absence. *Id.*, ¶ 15. Those right and benefits may include the right to make a payment, and receive service credit, for periods of military service during which the agency designated the employee as in a leave without pay status. *See Whittacre v. Office of Personnel Management*, 120 M.S.P.R. 114, ¶¶ 10-11 (2013) (so finding in the context of the Federal Employees' Retirement System).

The appellant alleged below, and restates on review, that the agency forced him in 2005 to use all of the sick leave he had accumulated since 1983. IAF, Tab 1 at 3; PFR File, Tab 1 at 1. However, has not claimed that the use of this sick leave was an improper denial of reemployment rights arising from his 1983-1984 military service. IAF, Tab 1 at 3; PFR File, Tab 1 at 1. In addition, he no longer asserts that he was improperly denied retirement credit for his military service or the right to "buy back" military time. PFR File, Tab 1 at 2. Thus, we conclude, at this point, that he is not alleging a denial of his USERRA reemployment rights. Nonetheless, we observe that there is no time limit for the filing of a direct appeal under USERRA. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 9 n.4 (2012). If the appellant wishes to raise a USERRA reemployment claim, he may, as the administrative judge observed, file a new

USERRA appeal.  ID at 4; *see Ellis v. Department of the Navy*, 117 M.S.P.R. 511, ¶ 11 (2012).

**NOTICE OF APPEAL RIGHTS[4]**

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.